entered by the County Judge on the minutes of the Commissioners Court. An entry thus made or a copy thereof certified under the hand and seal of the Clerk of Court shall be prima facie evidence of such posting."

We construe this article to mean that the entry, or a copy thereof, on the minutes of the commissioners court that such posting was had, would constitute prima facie evidence that such posting had been done. We do not think that an order directing such posting to be done would be sufficient.

For the errors pointed out in the complaint herein, this cause is reversed and the prosecution ordered dismissed.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

---

## WARD v. STATE.
### No. 20693.

Court of Criminal Appeals of Texas.

Oct. 25, 1939.

Sam H. Townsend, of Lufkin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to murder; the punishment, confinement in the penitentiary for five years.

---

## ROBERTSON v. STATE.
### No. 20717.

Court of Criminal Appeals of Texas.

Oct. 25, 1939.

Henry Taylor, of Temple, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

The conviction is for driving an automobile upon a public highway while under the influence of intoxicating liquor; penalty assessed at twenty-five days confinement in the county jail and a fine of $50.

The indictment appears to be in proper form. The record contains neither a statement of facts nor bills of exception. All matters of procedure appearing regular, the judgment is affirmed.